IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry,<br><br>       Plaintiff,<br><br>vs.<br><br>Andreka Watlington; Suzanne H. Hawkins; Hawkins Law, LLC; Christina Perry; Hon. T. Frierson-Smith; Gray Collegiate Academy; John/Jane Doe Gray Employees 1-5; John/Jane Doe Court Officials 6-10,<br><br>       Defendants. | C/A No. 3:25-cv-13234-JFA-PJG<br><br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff Lawrence Terry, ("Plaintiff") proceeding *pro se*, brings this action alleging violations of his civil rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review, the Magistrate Judge assigned to this action issued an order directing Plaintiff to file the documents necessary to bring this case into proper form for the issuance and service of process. (ECF No. 7). The order warned Plaintiff that his failure to comply within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure. Plaintiff did not respond to the court's order. Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 13). Within the Report, the Magistrate Judge opines that this matter

should be summarily dismissed for Plaintiff's failure to comply with a court order and failure to prosecute. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

After the Report was filed, Plaintiff submitted numerous documents in an apparent attempt to bring his case into proper form. (ECF Nos. 17 & 18). He filed no other response to the Report and the time for doing so has elapsed. Therefore, this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Relevant here, the Magistrate Judge recommended dismissal because Plaintiff failed to supply the documentation necessary to bring this case into proper form. (ECF No. 13). Namely, the Magistrate Judge ordered Plaintiff to provide (1) a summons form for the defendants named in this case; (2) a completed Form USM-285 for each defendant; and (3) answers to the court's Local Civil Rule 26.01 (D.S.C.) Interrogatories. Plaintiff failed to submit this documentation within the time prescribed by

the court. However, shortly after the Magistrate Judge issued the Report, Plaintiff filed numerous documents including proposed summons (ECF No. 18) and answers to Local Rule 26.01 interrogatories (ECF No. 17).

Consequently, the court acknowledges Plaintiff's attempt to comply with the proper form order. Mindful of Plaintiff's pro se status, the court finds dismissal for failure to prosecute or comply with the court's order premature at this time. Although it is unclear if Plaintiff's filings fully comply with the Magistrate Judge's prior orders, the court recognizes Plaintiff's desire to pursue his claims.

### IV.   CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court respectfully declines to adopt the Report. (ECF No. 13). Plaintiff's submissions, which were filed only after the Magistrate Judge issued the Report, evidence his desire to pursue his claims. Accordingly, dismissal is premature at this time. This matter is therefore recommitted back to the Magistrate Judge for further proceedings.[1]

IT IS SO ORDERED.

January 20, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] Because the court declines to adopt the Report, the recommendation that Plaintiff's motion for a temporary restraining order be denied is likewise declined and that motion remains pending.