IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry,<br><br>                    Plaintiff,<br><br>v.<br><br>Andreka Watlington; Suzanne H. Hawkins; Hawkins Law, LLC; Christina Perry; Hon. T. Frierson-Smith; Gray Collegiate Academy; John/Jane Doe Gray Employees 1-5; John/Jane Doe Court Officials 6-10,<br><br>                    Defendants. | C/A No. 3:25-13234-JFA-PJG<br><br><br>**ORDER** |

## I.    INTRODUCTION

Plaintiff Lawrence Terry, proceeding pro se, filed this civil action alleging various claims against the Defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's complaint and then prepared a thorough Report and Recommendation ("Report"). (ECF

1

No. 31). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on February 25, 2026 (ECF No. 35). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 31). Briefly, Plaintiff's complaint alleges various qualms with prior custody proceedings that occurred within South Carolina Family Court. In response to the Report, Plaintiff enumerated seven separate objections. Each is addressed below.

Within his first objection, Plaintiff avers that the Report mischaracterizes Plaintiff's claims as a custody challenge when they are actually rooted in the denial of meaningful

3

participation in his state court proceedings. A review of Plaintiff's complaint shows that he is clearly challenging the state family court decision given that he requested, among other things, this court "grant temporary custody of the minor child to Plaintiff pending investigation." (ECF No. 1, p. 5). Plaintiff may take issue with the process through which he lost custody in state court, but he is essentially challenging the ultimate decision regarding custody. Additionally, Plaintiff claims that he was denied meaningful participation in these proceedings during incapacity. However, the Magistrate Judge reviewed these accusations and nonetheless determined that Plaintiff failed to allege denial of a public service based on a qualified disability. Plaintiff's objections merely express his dissatisfaction with this ruling and fail to point out any error in the Report's analysis. Accordingly, the Margistrate Judge properly determined that the Rooker-Feldman doctrine bars a majority of Plaintiff's claims and he has failed to state a claim as other causes of action.

Plaintiff's second objection avers that the Report fails to address Plaintiff's claims of procedural due process. Plaintiff essentially alleges he was deprived of procedural due process during the custody proceedings as the court failed to make reasonable accommodations for his alleged disability. The Magistrate Judge addressed these claims by stating that Plaintiff

> provides no further information about the nature of his disability or how it prevented him from participating in court proceedings. Nor does Plaintiff allege that he missed his hearing, or any other court proceeding, because of his disability or because of the court's failure to accommodate that disability. Moreover, a review of the documents Plaintiff has submitted as a supplement to his complaint shows that the court did grant continuance requests

4

purportedly based on Plaintiff's medical needs and in other instances simply requested medical documentation.

(ECF No. 31, p. 6).

Plaintiff's objection contains disjointed allegations that again claim he was denied the ability to participate in custody proceedings due to his cognitive impairment. These objections fail to point to any proceedings in which he was excluded based on incapacity or any request that was denied solely due to his alleged disability. Accordingly, Plaintiff has failed to show how his procedural due process rights were in any way violated. Thus, his objection is overruled.

In his third objection, Plaintiff claims the Report misapplies the ADA and Rehabilitation Act claims. Specifically, Plaintiff avers that his claims concern denial of accommodation in state judicial proceedings and state programs—not federal courts. Thus, Plaintiff argues that the Report "does not analyze whether Plaintiff plausibly alleged denial of reasonable modifications and meaningful access in state court proceedings." (ECF No. 35, p. 5). Plaintiff misses the mark. The Report does discuss Plaintiff's modification requests to federal court when analyzing Plaintiff's "motion for a written explanation regarding denial of ADA accommodation requests." (ECF No. 31, p. 9). However, this discussion is separate and apart from the analysis of Plaintiff's claims that the state family court failed to offer modifications under the ADA or Rehabilitation Act. A review of the Report shows that the Magistrate Judge clearly and accurately addressed Plaintiff's ADA and Rehabilitation act claims as related to the state court proceedings. The Report ultimately concluded that "Plaintiff therefore fails to allege that he has been denied a public

service based on a qualified disability in violation of the ADA or § 504 of the Rehabilitation Act." (ECF No. 31, p. 6). Plaintiff's objection fails to show any error in this conclusion and is therefore overruled.

Plaintiff's fourth objection avers the Report failed to address Plaintiff's claims of ex parte/interim relief being granted during medically documented incapacity. These claims appear to be subsumed within Plaintiff's broader allegations of ADA and Rehabilitation Act violations. Accordingly, this objection fails for the same reasons stated above.

In his fifth objection, Plaintiff claims the Report made a "premature merits determination at screening." (ECF No. 35, p. 6). Plaintiff offers no factual support or legal justification for this objection. His objection merely expresses dissatisfaction with the dismissal of his claims during a proper screening. Accordingly, it is rejected as frivolous.

Plaintiff's sixth objection takes issue with the denial of his request for appointment of counsel. Plaintiff again avers that his alleged impairment presents an exceptional circumstance warranting the appointment of counsel. The court disagrees. The Report concluded that "[h]aving found that this case is subject to summary dismissal for reasons that could not be cured through more artful pleading, the court denies Plaintiff's motion for the appointment of counsel." (ECF No. 31, p. 11). Because Plaintiff's above objections have failed to show why his case should not be summarily dismissed, the denial of counsel remains a proper determination. Accordingly, this objection fails.

In his final objection, Plaintiff argues that his claims of ADA Accommodation were not meaningfully reviewed. This objection is simply a rehashing of those issues addressed above. Accordingly, this objection fails for the same reasons discussed above.

Plaintiff alternatively requests leave to amend his complaint. Plaintiff offers no proposed amendments and fails to explain how any amendment would alter the Report's conclusions. Accordingly, any such request to amend is denied.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 31). For the reasons discussed above and in the Report, the complaint is summarily dismissed without prejudice and without issuance and service of process and Plaintiff's motions for temporary restraining orders (ECF Nos. 3 & 26) are denied. Any other pending motion is terminated as moot.

IT IS SO ORDERED.

April 10, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge